UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL JAMES GOSNELL,<br><br>            Plaintiff,<br><br>      v.<br><br>GEORGE BUSH,<br><br>            Defendant. | Civil Action 08-01322  (HHK) |

MEMORANDUM OPINION

Plaintiff Michael James Gosnell, proceeding pro se, brings this action against former President George Bush[1] alleging that President Bush killed a friend of Gosnell's.  Gosnell asserts that "on or before September 02, 2006 the defendant, Mr. George Bush, did willfully perpetrate the execution, slaying and/or premeditated killing of my friend in their home."  Compl. ¶ 10.  His complaint further alleges that on two dates in 2007, President Bush "did willfully perform still another act which lengthened the physical and mental suffering, that was being brought to an end in the plaintiff's life."  Id. ¶¶ 12-13.  Gosnell requests that President Bush be put on trial for murder in the first degree and seeks two hundred thousand dollars in damages.  Id. at 3.

Before the Court is President Bush's motion to dismiss [#12] seeking dismissal of Gosnell's complaint without prejudice.  President Bush argues that Gosnell's complaint fails to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because it is "unreasonably vague."  Mot. to Dismiss at 2.  Specifically, President Bush notes that the

---

[1] Gosnell filed his complaint on July 31, 2008, when George W. Bush was still President.

complaint "alleges that an unidentified individual was murdered at an unidentified location in an unknown manner for unstated reasons." *Id.* Gosnell has filed no substantive response to this argument.

The Court agrees with President Bush. A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).[2] "A complaint that contains vague and conclusory accusations and no specific facts regarding the alleged wrongdoing do[es] not allow a defendant to frame an intelligent defense and [is] subject to dismissal." *Turner v. FBI*, 2005 WL 3201444, at *2 (D.D.C. Oct. 31, 2005) (citing *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994)); *see also Ciralsky v. C.I.A.*, 355 F.3d 661, 671 n.9 ("Rule 8(a) dismissal 'is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995))). Here, as President Bush notes, Gosnell provides no facts regarding how President Bush allegedly murdered his friend or even the identity of the alleged victim. Because Gosnell has failed to comply with Rule 8(a), the Court concludes that President Bush's motion to dismiss [#12] should be granted.

An appropriate order accompanies this opinion.

                                                          Henry H. Kennedy, Jr.
                                                          United States District Judge

---

    [2] Although pleadings filed by pro se litigated are to be liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a pro se litigant is nevertheless required to comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).